**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

REBECCA TORRES, Individually,
and as Chief of the Alabama-Quassarte
Tribal Town of Oklahoma; MICHAEL
W. RICHARDS; ESTHER
HOLLOWAY; THE
ALABAMA-QUASSARTE TRIBAL
TOWN OF OKLAHOMA, a federally
recognized Indian Tribe,

        Plaintiffs - Appellants,

v.

DENNIS L. WICKLIFF, Individually
and as Acting Eastern Oklahoma
Regional Director of the Bureau of
Indian Affairs of the United States
Department of the Interior; DENNIS
SPRINGWATER, Individually; and
UNITED STATES OF AMERICA,

        Defendants - Appellees,

    and

ALISON ALEXANDER;
GOVERNING COMMITTEE OF THE
ALABAMA-QUASSARTE TRIBAL
TOWN,

        Defendants-Intervenors-
Appellees.

No. 01-7138
(D.C. No. 00-CV-323-S)
(E.D. Oklahoma)

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Liberally construed, the plaintiffs' complaint seeks damages against the individual defendants and injunctive relief against the United States and the individual defendants in their official capacities. The district court ultimately denied injunctive relief, granted partial summary judgment to the individual defendants on the ground of qualified immunity, denied partial summary judgment to plaintiffs, and dismissed the case. Plaintiffs appeal. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

This suit concerns the Alabama-Quassarte Tribal Town of Oklahoma (the Town), an Indian tribe of fewer than five hundred persons. Plaintiffs are the Town and three persons whose tribal membership is disputed: Rebecca Torres,

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Michael W. Richards, and Esther Holloway. Defendants are the United States and two officials of the Bureau of Indian Affairs (BIA), Dennis L. Wickliffe and Dennis Springwater. Intervenors are the Governing Committee of the Town (the Interim Committee) and Alison Alexander, a Town member.

A tribal election was held in May 1997. Torres was elected Town Chief and Richards was elected to the Town Governing Committee. At about the same time, a dispute concerning the tribe's official membership came to a head. The BIA was asked to help determine the membership according to the requirements of the Town's Constitution and By-laws. After a review, it was determined that those requirements were not met by 277 Town members, including Torres and Richards. Although the BIA had previously recognized Torres and Richards as Town officials for government-to-government purposes, the BIA withdrew its recognition on June 14, 2000, because of questions about their eligibility to hold Town office and their lack of action to resolve the membership dispute. The BIA then recognized the Interim Committee as the interim Town government until the membership dispute could be resolved.

The district court determined that the individual defendants were entitled to qualified immunity on the damage claims because plaintiffs failed to show that they violated any clearly established law. The court discerned no claims against

the United States except a claim for injunctive relief, which it denied. The court denied plaintiffs' cross-motion for partial summary judgment.

We review de novo the district court's grant of summary judgment based on qualified immunity. Nelson v. McMullen, 207 F.3d 1202, 1205 (10th Cir. 2000). Our review of the grant of summary judgment is somewhat different in this context, however. Id. at 1205-06. When a defendant raises the qualified immunity defense on summary judgment, the plaintiff's burden is two-fold.

> First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue. If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of . . . showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.

Id. at 1206 (internal quotation marks and citations omitted).

Plaintiffs state the following issues on appeal: (1) defendants "acted contrary to modern federal policy" when they made their own determination of tribal membership and then removed elected officials of the Town; (2) defendants acted arbitrarily, capriciously, and in violation of law and their own policy; and (3) the district court erred when it granted the motion to intervene.

As the district court observed, however, plaintiffs' contentions "are frustratingly vague on the specific right or law that they contend gives rise to their claims . . . ." The district court patiently and thoroughly addressed what it

perceived to be plaintiffs' arguments, and it rejected them all. On appeal plaintiffs still fail to point with any specificity to legal standards that the defendants allegedly breached. Plaintiffs have simply not presented a comprehensible reasoned argument. We will not craft their argument for them. Perry v. Woodward, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999); see Fed. R. App. P. 28(a)(8)-(9). In the absence of argument in plaintiffs' briefs showing any error in the analysis contained in the district court's order, we affirm for essentially the reasons set forth in that order.

With respect to the order granting the motion to intervene, plaintiffs have failed to show, or even argue, how that order led to any reversible error.

The judgment is AFFIRMED.

Entered for the Court

Harris L Hartz
Circuit Judge